**Michael W. SHAW, Plaintiff,**

v.

**R.J. REYNOLDS TOBACCO CO., a New Jersey corporation, Defendant.**

**No. 92–126–CIV–T–17B.**

United States District Court,
M.D. Florida,
Tampa Division.

April 20, 1993.

Stanley Edward Marable, Sarasota, FL, for plaintiff.

David Thomas Knight, Hill, Ward & Henderson, Tampa, FL, for defendant.

### ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, MOTION TO STRIKE, AND MOTION FOR LEAVE TO FILE REPLY BRIEF

KOVACHEVICH, District Judge.

This cause came before the Court on Defendant's Motion for Summary Judgment, filed on February 17, 1993; Defendant's Motion to Strike Portions of Shaw Affidavit and

Related Portions of Plaintiff's Memorandum and Supporting Memorandum In Opposition to Defendant's Motion for Summary Judgment, filed on March 23, 1993; and Defendant's Motion for Leave to File a Reply Brief filed on March 23, 1993. Upon review of the motions and supporting memoranda, as well as the responsive pleadings and affidavit filed by Plaintiff, the Court finds that there is no issue of material fact, and Defendant is entitled to summary judgment as a matter of law. The Court had already begun to consider the various motions herein, and had conducted its own independent research with respect to the status of the law, at the time that Defendant's Motion for Leave to File Reply Brief was filed herein. Therefore, in the interests of expedience and in fairness to Plaintiff, Defendant's Motion for Leave to File Reply Brief is denied as the Court is capable of determining the status of the law in the face of conflicting memoranda submitted by the parties herein, and it would be unfair for Defendant to get a "second bite at the apple" by considering this second brief on the issue.

### BACKGROUND INFORMATION

Plaintiff was employed by Defendant from July 6, 1971 to December 6, 1989, and worked as a sales representative at the time of his termination. Plaintiff was terminated after Eli Witt, a customer of Defendant, alleged that the Plaintiff had stolen sixty cartons of cigarettes from the customer's warehouse facility. Prior to termination, Defendant conducted an inventory of the cartons of cigarettes in Plaintiff's vehicle. This inspection revealed that Plaintiff had an excess number of cartons in his van in violation of company policy, although the parties disagree as to why there was an overage. Plaintiff was tried and acquitted of the criminal charges filed by Eli Witt pertaining to the alleged theft. Following Plaintiff's termination, Dorothy Giantonio, a customer, asked a managerial employee of Defendant about the circumstances surrounding Plaintiff's departure from the company. This employee responded that the plaintiff had been fired for stealing cigarettes from another customer. Dorothy Giantonio was an acquaintance of Plaintiff and did not believe that he had stolen anything. She did not

relay this information to any other persons. This is the only communication that has been established by Plaintiff in this defamation suit, although he contends that other unidentified persons and possibly prospective employers were also told that the Plaintiff was a thief.

### DISCUSSION

Rule 56(c) of the Federal Rules of Civil Procedures provides that summary judgment is appropriate for the moving party where there is no material issue of act. The moving party has the burden of showing the absence of any material issues of fact, and the non-moving party has the burden of designating specific facts which are material and the subject of dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Under *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir.1987), the moving party is entitled to summary judgment as a matter of law where the non-moving party has failed to make a sufficient showing of an essential element in his case.

Defendant's pleadings indicate that Plaintiff has failed to establish the element of express malice to rebut the presumption of good faith raised by Defendant's defense of qualified privilege. There is no dispute as to the circumstances surrounding the publication, and there is no alleged or real dispute regarding the existence of express malice. Plaintiff has failed to provide this Court with any evidence of the existence of express malice, and the absence of this element, contrary to the apparent contentions of Plaintiff, does not create a material issue of fact. It is for this reason, as more fully discussed below, that the Court finds that Defendant is entitled to summary judgment in this matter.

The elements that a Plaintiff must prove in a defamation case are that the Defendant published a false statement, that the statement was communicated to a third party, and that the Plaintiff suffered damages as a result of the publication. *Baker v. McDonald's Corp.*, 686 F.Supp. 1474 (S.D.Fla. 1987), *aff'd* 865 F.2d 1272 (11th Cir.1988); *Axelrod v. Califano*, 357 So.2d 1048 (Fla. 1st DCA 1978). False statements which suggest that someone has committed a dishonest or

illegal act are defamatory per se. *Piplack v. Mueller*, 121 So. 459 (Fla.1929); *Layne v. Tribune Co.*, 108 Fla. 177, 146 So. 234 (1933). As a general rule, there is a presumption of malice where statements are defamatory per se, but that presumption ceases to exist where the Defendant has a qualified privilege to make the statements. *Axelrod v. Califano*, 357 So.2d 1048 (Fla. 1st DCA 1978). Instead, the plaintiff then has the burden of rebutting a presumption of good faith. *Coogler v. Rhodes*, 38 Fla. 240, 21 So. 109 (1897); *Abraham v. Baldwin*, 52 Fla. 151, 42 So. 591 (1906); *Appell v. Dickinson*, 73 So.2d 824 (Fla.1954); *John Hancock Mutual Life Insurance Co. v. Zalay*, 581 So.2d 178, 179 (Fla. 2d DCA 1991); *Schreidell v. Shoter*, 500 So.2d 228, 232 (Fla. 3d DCA 1987).

■ The elements of qualified privilege are: good faith, an interest to be upheld, a statement limited in scope to a specific purpose, published on a proper occasion, and published in a proper manner. *Abraham v. Baldwin*, 52 Fla. 151, 42 So. 591 (1906); *Leonard v. Wilson*, 150 Fla. 503, 8 So.2d 12 (1942). The question of whether publication of a false statement on a certain occasion is subject to qualified privilege is a question of law to be resolved by the Court where there is no dispute as to the circumstances surrounding the publication. *Nodar v. Galbreath*, 462 So.2d 803, 810 (Fla.1984); *Hartley & Parker, Inc. v. Copeland*, 51 So.2d 789 (Fla.1951).

■ A jury question is created, however, where there is sufficient evidence of the presence of express malice indicating that the qualified privilege has been abused. *Myers v. Hodges*, 53 Fla. 197, 44 So. 357 (1907). Express malice has been defined as "ill will, hostility, evil intention to defame and injure," and is a very high standard for a plaintiff to meet. *Montgomery v. Knox*, 23 Fla. 595, 3 So. 211 (1887). In *Nodar v. Galbreath*, 462 So.2d 803, 811–12 (Fla.1984), the Florida Supreme Court expanded the definition of express malice and stated:

> Where a person speaks upon a privileged occasion, but the speaker is motivated more by a desire to harm the person defamed than by a purpose to protect the person or social interest giving rise to the privilege, then it can be said that there was express malice and the privilege is destroyed. Strong, angry, or intemperate words do not alone show express malice; rather, there must be a showing that the speaker used his privileged position 'to gratify his malevolence.' If the occasion of the communication is privileged because of a proper interest to be protected, and the defamer is motivated by a desire to protect that interest, he does not forfeit the privilege merely because he also in fact feels hostility or ill will toward the plaintiff. The incidental gratification of personal feelings of indignation is not sufficient to defeat the privilege where the primary motivation is within the scope of privilege. (citations omitted)

In the instant case, Plaintiff has specifically identified only one person to whom Defendant has published information relating to the Plaintiff's dismissal. The deposition testimony of Mrs. Giantonio and the employee who published the information to her are consistent with respect to material issues, and Plaintiff has failed to allege any material fact with respect to this publication which would prevent this Court from resolving this matter on summary judgment.

Plaintiff contends in his Affidavit that Defendant must have published this information to others since he received phone calls from numerous current and former R.J. Reynolds employees who were aware of the circumstances surrounding his termination. These allegations are classic examples of hearsay, and have not been considered by this Court since they are incompetent evidence with respect to this crucial element. *Rohrbough v. Wyeth Laboratories, Inc.*, 916 F.2d 970, 9743 (4th Cir.1990); *Vidrine v. Enger*, 752 F.2d 107, 108 (5th Cir.1984).

■ The single publication by Defendant's employee established by Plaintiff is qualifiedly privileged, and the privilege was not abused in this particular instance. The Defendant's statements were made in good faith in response to an inquiry from a customer, its publication was limited in scope, and the information was not disclosed to additional persons. Furthermore, the parties to the conversation shared corresponding business interests: the customer had an interest in learning what happened to a sales represen-

tative with whom she had a longstanding personal and business relationship, and the Defendant had the primary motive of responding adequately to a customer's inquiry. *See, Weight–Rite Golf Corp. v. United States Golf Ass'n,* 766 F.Supp. 1104 (M.D.Fla.1991), *aff'd* 953 F.2d 651 (11th Cir.1992); *John Hancock Mutual Life Insurance Co. v. Zalay,* 581 So.2d 178, 179 (Fla. 2d DCA 1991). Plaintiff has failed to offer evidence that Defendant acted with the "ill will, hostility, and evil intent to defame" required to establish express malice, or that Defendant's primary motive in publishing the information was to harm Plaintiff. In fact, the Plaintiff only allegations relating to the presence of express malice are contained in his Affidavit which states: "I am at a total loss to discern any factual basis by which Mr. McMahon could conclude that I was a thief. Although we tolerated each other in the business relationship, we were not friends on a personal basis." Clearly, the lack of a personal friendship does not equate to express malice as defined by the Florida Supreme Court in *Nodar.*

Plaintiff further contends in his Affidavit that he believes that Defendant had been planning to fire him for some time, and that he had received a final warning a few weeks before his termination. This allegation is irrelevant to whether the Defendant acted with express malice on a later occasion when publication occurred. Florida's status as a right-to-work state prohibits Plaintiff from recovering for the loss of his employment, despite his claims for damages for lost wages in his pleadings, and accordingly, the factors surrounding his termination are only relevant to the issue of whether the Defendant knew that the allegations were false when its employee published the allegedly defamatory statements. However since Plaintiff has failed to provide this Court with any evidence of express malice, it is unnecessary to address whether the allegations of theft were true, and more importantly, whether Plaintiff has suffered any compensable injury as a result of the publication. Accordingly, it is

**ORDERED** that the Defendant's Motion for Summary Judgment and Defendant's Motion to Strike Portions of Shaw Affidavit and

Related Portions of Plaintiff's Memorandum and Supporting Memorandum in Opposition to Defendant's Motion for Summary Judgment be **GRANTED;** that Defendant's Motion for Leave to File Reply Brief and Supporting Memorandum be **DENIED;** and the Clerk of the Court be **directed** to enter judgment for Defendant, R.J. REYNOLDS TOBACCO CO.

**DONE AND ORDERED.**