Tara PARSONS, Jodi Selph and Eva MacDonald, Plaintiff,

v.

NATIONWIDE MUTUAL INSURANCE COMPANY, Nationwide Mutual Fire Insurance Company, Nationwide Life Insurance Company, Nationwide General Insurance Company, Nationwide Property and Casualty Insurance Company, Nationwide Variable Life Insurance Company, Colonial Insurance Company of California, and Jim R. Walker, Defendants.

No. 95–62–CIV–FTM–17D.

United States District Court, M.D. Florida, Fort Myers .Division.

June 23, 1995.

Peter Michael De Manio, De Manio & Young, P.A., Sarasota, FL, Mark A. Draper, Farr, Farr, Haymans, Moseley, Emerich & Sifrit, P.A., Punta Gorda, FL, Connie M. Schider, Farr, Farr, Emerich, Sifrit, Hackett & Carr, P.A., Punta Gorda, FL, for Tara Parsons, Jodi Selph, Eve MacDonald.

Kalvin M. Grove, Fox & Grove, Chartered, St. Petersburg, FL, for Nationwide Mut. Ins. Co., Nationwide Mut. Fire Ins. Co., Nationwide Life Ins. Co., Nationwide Gen. Ins. Co., Nationwide Property and Cas. Ins. Co., Nationwide Variable Life Ins. Co., Colonial Ins. Co. of California.

Daniel H. Kunkel, Kunkel & Hament, Sarasota, FL, Michael G. Fink, Fink & Lane, P.A., Ft. Myers, FL, for Jim R. Walker.

KOVACHEVICH, District Judge.

### ORDER ON DEFENDANT'S MOTIONS TO STRIKE AND DISMISS

This cause is before the Court on Defendant Walker's motion to strike certain allegations from Plaintiff's initial complaint (Dkt. Nos. 15, 16) and on Defendant Walker's motion to dismiss Counts I, II, IV, V, VII, VIII and X of the complaint, and response thereto (Dkt. Nos. 17, 18, 22).

### BACKGROUND

This case involves Plaintiffs' claims that the alleged actions of the Defendants constituted sexual harassment (Counts I, IV, and VII) and retaliation (Counts II, V, and VIII) in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq.*, and the Civil Rights Act of 1991, ("Title VII"). Plaintiffs further allege claims of intentional infliction of emotional distress (Counts III, VI, and IX), and Plaintiff MacDonald has an individual claim of defamation (Count X).

Defendant Walker requests in his motion to dismiss that this Court dismiss Counts I, II, IV, V, VII, VIII, and X, as they apply to him, for the following reasons:

(i) The Complaint fails to state a claim for which relief can be granted as to Defendant Walker individually with respect to all counts of sexual harassment and retaliation under Title VII.

(ii) The Complaint fails to satisfy the pleading requirements of Fed.R.Civ.P. 8(a) with respect to this Court's subject matter jurisdiction over all Title VII claims.

(iii) The Complaint fails to state a claim for which relief can be granted as to all counts of sexual harassment and retaliation under Title VII because Plaintiffs failed to allege in their Complaint that all conditions precedent to the institution of this lawsuit have been fulfilled.

(iv) Plaintiff MacDonald fails to state a claim for which relief can be granted with respect to her defamation claim.

Defendant Walker's motion to strike certain allegations from the complaint centers around his assertion that this Court, pursuant to Fed.R.Civ.P. 12(f), should strike paragraph 75, which alleges that Defendant Walker "poisoned and killed horses for eating shrubs on his property and shot dogs that wandered onto his property", and portions of paragraphs 18, 46 and 70 which allege that the Defendant Walker "frequently made degrading comments about ... minorities." Defendant asserts that these allegations are either redundant, immaterial, impertinent, or scandalous, and that pursuant to Fed.R.Civ.P. 12(f) these allegations should be stricken from the Complaint.

In order to fully evaluate Defendant's Motion to Dismiss, it is necessary to briefly recite the facts alleged in this complaint. Plaintiffs (Parsons, Selph and MacDonald) were each employed on the office staff at Nationwide Mutual Insurance. Defendant Walker was also employed by Nationwide, and during the scope of this employment Defendant Walker alleged orally published "rude and offensive speculations" about Plaintiffs sexual practices, gave detailed accounts of his own sexual exploits, made unwelcome sexually suggestive comments to Plaintiffs and generally created a sexually graphic and offensive work environment. After the occurrence of the alleged events, each of the Plaintiffs were discharged from employment at Nationwide. As a result of these supposed actions, Plaintiffs brought suit against Defendants Walker and Nationwide.

Plaintiffs allege that Defendants (hereinafter "Walker" and "Nationwide") are joint employers of Plaintiffs because of Nationwide's "exercise of substantial control of the business of Defendant Walker including ownership of accounts, equipment and contracts, the interrelationship of operations, and the centralized control of labor relations and common management." However, Plaintiffs fail to specifically allege in the complaint what Walker's role is within Nationwide. Furthermore, there is no mention of Walk-

er's official capacity or job title at Nationwide; it may only be inferred that Walker held some form of supervisory control over Plaintiffs.

## STANDARD OF REVIEW

A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). In reviewing a motion to dismiss, the court is required to view that complaint in the light most favorable to the Plaintiff and accept all allegations as true. *Colodny v. Iverson, Yoakum, Papiano & Hatch*, 838 F.Supp. 572 (M.D.Fla.1993) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). Such a motion should be granted only where the Plaintiff can prove no set of facts upon which relief could be granted. *National Organization for Women v. Scheidler*, —— U.S. ——, ——, 114 S.Ct. 798, 803, 127 L.Ed.2d 99 (1994) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 71–73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984)).

## DISCUSSION

**I. THE COMPLAINT FAILS TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED AS TO DEFENDANT WALKER INDIVIDUALLY WITH RESPECT TO ALL COUNTS OF SEXUAL HARASSMENT AND RETALIATION UNDER TITLE VII.**

Walker moves to dismiss the sexual harassment and retaliation claims against him because he alleges that he is being sued in his individual capacity as a result of his employment at Nationwide. In support of his motion, Walker relies on an opinion rendered by the Eleventh Circuit Court of Appeals prior to the 1991 amendment of Title VII: *Busby v. City of Orlando*, 931 F.2d 764 (11th Cir.1991) (per curiam). In *Busby*, the court wrote that, "Individual capacity suits under Title VII are ... inappropriate." *Id.* at 772. The court professed that, "The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act,"

and "the proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly." (internal citations omitted) (emphasis in original). The crux of *Busby* is that, even though Congress defined "employer" to include any "agent," 42 U.S.C. § 2000e(b), this provision does not impose individual liability but only holds the employer accountable for the acts of its individual agents. *Smith v. Capitol City Club of Montgomery*, 850 F.Supp. 976 (M.D.Ala. 1994).

Title VII prevents "employers" from discriminating on the basis of race, color, religion, sex or national origin. *Marshall v. Miller*, 873 F.Supp. 628 (M.D.Fla. 1995) (citing 42 U.S.C. § 2000e–2(a)(1) (1988)). An employer is defined as "a person engaged in an industry affecting commerce ... and any agent of such person." *Id.* at 630. Even though such a definition might be construed so as to impose liability on individual employees as "agents," the Eleventh Circuit has held that agents of employers who violate Title VII provisions only trigger an action against the employer, and not an action against the individual agent/employee. *Id.* at 631. See also *Sparks v. Pilot Freight Carriers, Inc.*, 830 F.2d 1554, 1557–59 (11th Cir.1987). Moreover, the law in the Eleventh Circuit has been settled that there is no individual liability under Title VII. *Smith* at 980. "[I]f Congress had envisioned individual liability under Title VII for compensatory or punitive damages, it would have included individuals in this litany of limitations and would have discontinued the exemption for small employers." *Miller v. Maxwell's Intern. Inc.*, 991 F.2d 583, 588 (9th Cir.1993).

Having determined that the Eleventh Circuit follows an approach which does not recognize individual liability for Title VII claims, it is necessary to determine whether Walker should be viewed as an "employee" of Nationwide or, in the alternative, as an "employer" of Plaintiffs. In Plaintiff's Response to Defendant's Motion to Dismiss (Docket No. 22) it is asserted that Walker and Nationwide were joint employers of Plaintiffs

under a single enterprise theory. Plaintiffs cite to *Stockett v. Tolin,* 791 F.Supp. 1536 (S.D.Fla.1992) as support for their theory that Defendants Walker and Nationwide functioned as an integrated enterprise. In *Stockett,* the court found that the defendant corporations management services were so similar and interrelated that the corporations constituted a single employer under Title VII guidelines. However, *Stockett* is distinguishable from the instant case in that *Stockett* dealt with two (2) defendant corporations and the instant case contains an individual and a corporation. Walker is being sued in his individual capacity, not as a corporate entity, and so Plaintiffs' argument that Nationwide and Walker were joint employers is thus without merit.

Based on the complaint, this Court finds that Walker was not functioning as an employer of Plaintiffs when he allegedly harassed and retaliated against them. It has only been plead that Walker maintained some form of supervisory control over Plaintiffs, a fact which in and of itself does not lead to the conclusion that Walker was an "employer" under the guidelines of 42 U.S.C. § 2000e. This Court makes no finding as to whether Walker was functioning as an "agent" of Nationwide during his alleged misconduct, instead this Court only makes the determination that Walker was not an employer of Plaintiffs.

Therefore, this Court will grant Walker's motion to dismiss Counts I, II, IV, V, VII and VIII only as they apply to him, based on the fact that the Complaint fails to state a claim for which relief can be granted with respect to all counts of sexual harassment and retaliation against Walker. This Court also finds that Walker's other arguments (ii & iii) are deemed moot based on this Court's decision to partially GRANT Walker's motion to dismiss.

## II. PLAINTIFF MacDONALD FAILS TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED WITH RESPECT TO HER DEFAMATION.

In order to state a cause of action for defamation the Plaintiff is responsible for alleging that: (1) Defendant published a false statement, (2) that the statement was communicated to a third party, and, (3) that the Plaintiff suffered damages as a result of the publication. *Shaw v. R.J. Reynolds,* 818 F.Supp. 1539 (M.D.Fla.1993) (citing *Baker v. McDonald's Corp.,* 686 F.Supp. 1474 (S.D.Fla.1987), *aff'd* 865 F.2d 1272 (11th Cir. 1988); *Axelrod v. Califano,* 357 So.2d 1048 (Fla. 1st DCA 1978)).

Plaintiff MacDonald in Paragraphs 93 & 94 allege that:

> Following Plaintiff MacDonald's retaliatory discharge, Defendant Walker, on a regular basis, maliciously and recklessly made and published defamatory comments to the general public and office staff of and concerning Plaintiff MacDonald.

> As a result of Defendant Walker's publication of defamatory comments of and concerning Plaintiff MacDonald, Plaintiff MacDonald has been damaged.

This Court finds that, in viewing the allegations contained in the Complaint as true, the Plaintiff has sufficiently pled the elements of defamation (published a false statement, communicated statement to a third party, damages incurred) in order to withstand a motion to dismiss.

## III. DEFENDANT WALKER'S MOTION TO STRIKE CERTAIN ALLEGATIONS FROM THE COMPLAINT PURSUANT TO FED.R.CIV.P. 12(f).

Rule 12(f) of the Federal Rules of Civil Procedure provides that a motion to strike will be granted if a pleading contains any insufficient defense or any redundant, immaterial, impertinent or scandalous matter. Walker's requests to strike shall be considered in light of this standard.

Defendant requests that the statement contained in paragraph 75, which reads "Defendant Walker intimidated Plaintiff MacDonald and other office staff by bragging to them that he had poisoned and killed horses for eating shrubs on his property and shot dogs that wandered onto his property", be stricken from the complaint. Walker asserts that this allegation was contained in Count VII of the Complaint which relates to Plaintiff MacDonald's claim of sexual harassment,

and that the contents of this allegation are not material to a sexual harassment claim. This Court finds that in a sexual harassment context the contents of paragraph 75 are immaterial and may cause undue prejudice to Walker. Furthermore, this Court has decided to GRANT Walker's motion to dismiss the claims of sexual harassment and retaliation against Walker, and so the motion to strike allegations from the Count VII is moot.

■ However, paragraph 75 is realleged in Count IX which deals with "intentional infliction of emotional distress." The contents of paragraph 75 could be material to a claim of intentional infliction of emotional distress, and so, this Courts finds that the language of paragraph 75 may be stricken from the complaint pursuant to Fed.R.Civ.P. 12(f) in regards to Count VII, but it shall remain as an allegation for the purposes of Count IX.

■ Defendant also requests that portions of paragraphs 18, 46, and 70 which allege that Walker "frequently made degrading comments about … minorities …" be stricken from the Complaint. This Court recognizes that motions to strike are not favored, are "time wasters", and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. *Cherry v. Crow*, 845 F.Supp. 1520, 1524 (M.D.Fla. 1994); *Ammirati v. Bonati*, 1994 WL 34175 (M.D.Fla.1994). This Court finds that the portions of paragraphs 18, 46, and 70 are not prejudicial in regards to Counts III, VI and IX (intentional infliction of emotional distress) and are material to these claims. Therefore, Walker's motion to strike portions of paragraphs 18, 46 and 70 is DENIED by this Court. Accordingly, it is

**ORDERED** that Walker's Motion to Dismiss be **GRANTED,** in part with respect to Counts I, II, IV, V, VII and VIII only as to Defendant Walker, and **DENIED,** in part with respect to Count X; that Walker's Motion to Strike paragraph 75 be **DENIED** as moot with respect to Count VII, and be **DENIED** on the merits with respect to Count IX; that Walker's Motion to Strike paragraphs 18, 46 and 70 be also **DENIED;** and Defendant Walker **shall have** ten (10)

days from this date to answer the Counts which remain against him.

**DONE and ORDERED.**