996 F.2d 1222
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Joseph SEIBERT, Appellant,
v.
Greg DUNN; Connie Barton; Pedro Cayabyab, Appellees.
 No. 92-3616.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 18, 1993.
Filed: June 28, 1993.
 
 Before BOWMAN, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Joseph Seibert, a Missouri inmate, appeals from the district court's[1] grant of defendants' motion for judgment as a matter of law at the end of his case in a bench trial. Seibert argues that the trial court erred in granting the motion because he presented sufficient evidence to show that defendants, officer Greg Dunn and nurse Connie Barton, denied him needed medication and thus acted with deliberate indifference to his serious medical needs.[2] Seibert also contends he did not receive a fair trial because he had inadequate notice of the new trial date and was, therefore, unable to call witnesses and obtain evidence.
 
 
 2
 In granting a motion for judgment as a matter of law, the district court must resolve direct factual conflicts in favor of Seibert, assume as true all facts supporting him which the evidence tended to prove, give him the benefit of all reasonable inferences, and deny the motion if the evidence so viewed would allow reasonable jurors to differ as to the conclusions that could be drawn. See Hopson v. Fredericksen, 961 F.2d 1374, 1379 (8th Cir. 1992). We apply the same standard, Henson v. Falls, 912 F.2d 977, 978 (8th Cir. 1990), and we conclude that the district court correctly granted the motion.
 
 
 3
 Seibert did not show Dunn personally caused him to suffer a constitutional deprivation. See Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985). The evidence showed that Barton was not deliberately indifferent to Seibert's medical needs. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). Barton examined him and found that he was breathing easily, yet she still contacted someone to transfer his medication and scheduled an appointment with a doctor. A reasonable juror could not conclude these actions constituted deliberate indifference. Seibert's contention that he did not receive a fair trial is meritless.
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri
 
 
 [2]
 Seibert also sued Dr. Pedro Cayabyab, but he abandons this claim on appeal