628 A.2d 525

**Robert S. MORRIS, Appellant,**

v.

**James POWERS.**

Commonwealth Court of Pennsylvania.

Argued May 13, 1993.

Decided July 1, 1993.

S. Stanton Miller, Jr., for appellant.

William F. Holstein, II, for appellee.

Before COLINS and PELLEGRINI, JJ., and LORD, Senior Judge.

PELLEGRINI, Judge.

Robert S. Morris (Chief) appeals an order of the Court of Common Pleas of Delaware County (trial court) dismissing his complaint against James J. Powers (Powers) that sought to enjoin Powers, a member of the Borough of Collingdale's Council, from threatening to remove him as Police Chief.

This matter arose out of a dispute as to whether the Borough Council had access to personnel records of the Borough Police Department, apparently with Chief Morris caught in the middle. In February of 1989, Powers, as Chair of the Borough Council's Public Safety Committee, requested Chief Morris to make available certain police personnel files to assist Council's investigation into "night differential" payments made to certain members of the police department. However, the Borough's Mayor, Frank C. Kelly (Mayor), instructed Chief Morris not to turn over the requested personnel records. Choosing to follow the Mayor's directive, Chief Morris advised Powers of the Mayor's directive that the personnel files would

not be made available. As a result of Chief Morris' refusal to turn over the files, Powers threatened to remove Chief Morris from his position.

 Because of Powers threatening to remove him as Police Chief, Chief Morris filed a complaint in the trial court alleging that Powers' threats to remove him from his civil service protected position [1] violated "his civil rights as contemplated by 42 U.S.C. § 1983." [2] He sought an injunction to have Powers enjoined from threatening him with termination, as well as monetary damages. [3] Powers filed preliminary objections to the complaint contending that it failed to set forth a cause of action because mere threats to terminate an employee are not actionable. Powers further contended that he was well within the scope of his authority as a councilman in requesting the police files and his statement to Chief Morris was justified. [4] The trial court agreed, sustained Powers'

---

1. Section 1171 of the Borough Code, Act of February 1, 1966, P.L. (1965) 1656, *as amended*, 53 P.S. § 46171, provides in part:

 No person shall hereafter be suspended, removed or reduced in rank as a paid employe in any police force ... except in accordance with the provisions of this subdivision.

 ✳ ✳ ✳ ✳ ✳ ✳

 Section 1190 of the Borough Code, 53 P.S. § 46190, provides:
 No person employed in any police or fire force of any borough shall be suspended, removed or reduced in rank except for the following reasons: ...
 A person so employed shall not be removed for religious, racial or political reasons. A written statement of any charges made against any person so employed shall be furnished to such person within five days after the same are filed.

 ✳ ✳ ✳ ✳ ✳ ✳

2. 42 U.S.C. § 1983 provides:

 Every person who, under color of any statute, ordinance, regulation, custom or usage, ... subjects, or causes to be subjected, any citizens of the United States ... to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress.

3. Chief Morris also filed a petition for a preliminary injunction, but, after a hearing, the trial court denied the request.

4. Prior to Chief Morris filing his complaint, the trial court granted the Borough Council's request for a court order requiring Chief Morris and

preliminary objections and dismissed Chief Morris' complaint. This appeal followed.[5]

To maintain an action under § 1983, a plaintiff is required to allege that:

· a person or persons have deprived him or her of some cognizable federal right; and

· deprived him or her of that right while acting under color of state law.

*West v. Akins*, 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Urbanic v. Rosenfeld*, 150 Pa.Commonwealth Ct. 468, 616 A.2d 46, 52 (1992).

 Chief Morris contends that because the Borough Code's civil service provisions confer a property right [6] in his continued employment upon him, Powers' politically motivated threats against him constitute a deprivation of some employment right guaranteed by the Fourteenth Amendment [7] to the

Mayor Kelly to make Police Department personnel files available to Council upon request.

5. A preliminary objection in the nature of a demurrer challenges the legal sufficiency of the complaint. *Simmons v. Township of Moon*, 144 Pa.Commonwealth Ct. 198, 601 A.2d 425 (1991). It admits as true all well-pled material and relevant facts. If the facts as pled state a claim for which relief may be granted under any theory of law, then the demurrer must be denied. *Massagatti v. Everingham*, 512 Pa. 266, 516 A.2d 672 (1986). It is under this standard of review that we will analyze the facts at hand.

6. Once a property right in public employment has been conferred on an employee, an agency may not deprive a protected civil service employee of that right without procedural safeguards to insure that such action is not arbitrary. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 541, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985). A pre-termination hearing is required. *Id.*

7. While the complaint alleges that his "civil rights" have been violated, Chief Morris never identifies the underlying federal right violated with any specificity. Section 1983 does not create any substantive rights, but merely serves as a "vehicle or . . . the 'device' by which a citizen is able to challenge conduct by a state official whom he claims has deprived or will deprive him of his civil rights." Harry Blackmun, *Section 1983 and Federal Protection of Civil Rights—Will the Statute Remain Alive or Fade Away?*, 60 N.Y.U.L.Rev. 1, 1 (1985). "One cannot go into court and claim a violation of Section 1983—for Section 1983 by itself does not protect anyone against anything." *Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600, 617, 99 S.Ct. 1905,

United States Constitution for which § 1983 provides a right to equitable relief. Chief Morris contends that he set forth a cause of action because Powers' threats impacted on a protected property right to his employment.[8]

However, § 1983 requires an actual deprivation of a constitutional right and just a threat to deprive a person of a right does not meet this threshold. *See Hopson v. Fredericksen,* 961 F.2d 1374 (8th Cir.1992); *Lamar v. Steele,* 698 F.2d 1286 (5th Cir.1983), *cert. denied,* 464 U.S. 821, 104 S.Ct. 86, 78 L.Ed.2d 95; *Holmes v. Finney,* 631 F.2d 150, 154 (10th Cir.1980); *Hodgin v. Agents of Montgomery County,* 619 F.Supp. 1550 (D.C.Pa.1985); *Macko v. Byron,* 576 F.Supp. 875 (D.C.Ohio 1983), affirmed, 760 F.2d 95 (6th Cir.1985). Because Chief Morris has not yet been deprived of any due process rights, a § 1983 claim cannot be maintained. While Powers may have threatened him with a job loss if he refused to comply with Powers' request for police records, no disciplinary action was ever taken or initiated by Powers against Chief Morris. Threats against continued employment do not implicate the Fourteenth Amendment; only when there is a loss of a protected employment interest is an employee entitled to a hearing. Until that occurs, a § 1983 action cannot be maintained.

1915, 60 L.Ed.2d 508 (1979); *see also Urbanic,* 150 Pa.Commonwealth Ct. at 468, 616 A.2d at 52. Because he alleges the threats impact a protected right, we assume that he is alleging that his due process rights under the Fourteenth Amendment are the rights being violated.

8. Chief Morris also contends that Powers was not entitled to § 1983 immunity from personal liability because he was not acting in a legislative capacity, and because Powers' actions were not within the scope of his duties as a councilman, he was not entitled to local agency immunity under Section 8545 of the Judicial Code, 42 Pa.C.S. § 8545 (Political Subdivision Torts Claim Act). We need not address whether legislative immunity is available to Powers as recognized by § 1983. As to local agency immunity, in *Howlett v. Rose,* 496 U.S. 356, 356, 110 S.Ct. 2430, 2432, 110 L.Ed.2d 332 (1990), the United States Supreme Court held that state laws may not lessen the availability of a § 1983 action. Recently, in *Heinly v. Sharpe,* 153 Pa.Commonwealth Ct. 599, 621 A.2d 1212 (1993), we recognized that our Sovereign Immunity Act, Section 8522(b) of the Judicial Code, 42 Pa.C.S. § 8522(b), did not foreclose an individual from bringing a § 1983 action against a state official. Similarly, the Political Subdivision Torts Claim Act does not foreclose a § 1983 action.

Accordingly, because Chief Morris has failed to set forth a cause of action, the order of the Court of Common Pleas of Delaware County is affirmed.

## ORDER

AND NOW, this 1st day of July, 1993, the order of the Court of Common Pleas of Delaware County, No. 92–5504, dated November 18, 1992, is affirmed.