**M.W. Farmer & Company v. Runner**

C.P. of Lycoming County, no. 93-01-638.

*Gregory Abeln,* for plaintiffs.
*James N. Bryant,* for defendants.
*Mark W. Drasnin,* for additional defendants.

WILLIAMSON, *J.,* March 23, 1995—In 1993 plaintiffs filed two separate actions in Lycoming County against defendants Runner and Diehl, following the execution of a search warrant at plaintiffs' property in the spring of 1993. The parties are in agreement that the issuance of the search warrant was the product of an investigation conducted by the Pennsylvania Department of Environmental Resources based on information received from defendants, former employees of plaintiffs. Following extensive discovery, the complaint in this case was filed which contained allegations in defamation and disparagement against Runner only. Following a hearing before the Honorable William S. Keiser, an order was entered on August 16, 1994, dismissing one of the 1993 actions as moot and dismissing Diehl as a party to this case.[1]

On the same day Judge Keiser dismissed Diehl as a defendant, Runner and Diehl filed an answer and counterclaim against plaintiffs alleging violations of the "Whistle Blower Act" and the Federal Civil Rights Act. On August 19, 1994, Runner and Diehl filed a third party complaint against additional defendants alleging essentially the same facts. An amended complaint

---

1. Additional defendants suggest the dismissal of Diehl was over the objection of his counsel, an averment which was not denied by counsel for Diehl during argument.

to join additional defendants was filed on November 14, 1994, and an amended counterclaim was filed on March 3, 1995, both of which also claimed a violation of defendants' right to free speech and abuse of process. Plaintiffs and additional defendants have filed motions for summary judgment which are now before the court for disposition.

## JUDICIAL IMMUNITY

Defendant Carlucci contends he is shielded by judicial privilege from a claim for damages based upon alleged tortious conduct. As the court understands the contention of defendants, the acts of Carlucci do not amount to extrajudicial communications which might trigger the application of the principles set forth in *Post v. Mendel,* 510 Pa. 213, 507 A.2d 351 (1986). The privilege of judicial immunity is an integral part of a public policy which permits all suitors, however bold and wicked, however virtuous and timid, to secure access to the courts of justice. *Greenberg v. Aetna Insurance Company,* 427 Pa. 511, 515-516, 235 A.2d 576, 578 (1967). While immunity from civil liability in judicial proceedings has been applied most frequently in defamation actions, many courts, including those in Pennsylvania, have extended the immunity from civil liability to other alleged torts when they occur in connection with judicial proceedings. *Clodgo by Clodgo v. Bowman,* 411 Pa. Super. 267, 601 A.2d 342 (1992).

If, as defendants suggest, they are entitled to protection from improper actions of Attorney Carlucci, such protection is provided by 42 Pa.C.S. §2503 which enables a court to impose a reasonable counsel fee for arbitrary, vexatious or bad faith conduct, as well as by a court's inherent power to impose sanctions upon counsel or a party. Additionally, assuming defendants

have a valid claim against Carlucci, it might well be argued that such a claim does not arise until the favorable termination of the litigation. This court concludes that Carlucci is entitled to judicial immunity and that, for policy reasons, defendants in this and similar situations should not be permitted to join a plaintiff attorney as an additional defendant with the resulting disqualification of that attorney.

Because the allegations against Fisher, Rice, Barlett, Elion & Wayne, P.C. are based upon Carlucci's partnership in or employment by that firm, the motion for summary judgment will be granted in favor of both additional defendants.

## DEFENDANT DANIEL S. DIEHL

During argument, the court and counsel questioned whether Diehl may properly file a counterclaim against plaintiffs, since he was dismissed as a party prior to the filing of the counterclaim and no appeal was taken from that order of dismissal. Although the parties have agreed that Diehl might be kept in the case as a counterclaimant, the court believes such a procedural slight of hand would be inappropriate under the facts of this case. As previously discussed, the complaint eventually filed by plaintiffs contained no allegations against Diehl. As suggested by additional defendants in their brief, the filing of a writ of summons and the taking of Diehl's deposition may have been for the legitimate purpose of securing proper discovery to determine the merits of any potential action against Diehl. Moreover, a cause of action by Diehl for wrongful use of civil proceedings under 42 Pa.C.S. §8351 is now ripe because the proceedings have terminated in his favor. Since Diehl may now file his own independent action against plaintiffs and because the factual basis for any claim by Diehl

would be different from the factual basis of any claim by Runner, this court believes it would be unnecessarily confusing to a jury to have Diehl's claim litigated as part of these proceedings. The court will, therefore, consider the motion for summary judgment filed by plaintiffs/counter-defendants with respect to the counterclaim of Daniel S. Diehl to be in the nature of preliminary objections and will strike that portion of the counterclaim referring to Diehl, affirming Judge Keiser's prior dismissal of Diehl as a party to these proceedings.

## COUNTERCLAIM

Runner's amended counterclaim against plaintiffs is based upon the following allegations:

(a) The complaint is frivolous on its face;

(b) The complaint violates the Whistle Blower Act (43 P.S. §1421 et seq.)

(c) The filing of the complaint violated defendant's right to free speech and to petition for the redress of wrongs.

(d) Plaintiffs have violated the civil rights of defendant under 28 U.S.C. §1983.

(e) The actions of plaintiffs constitute abuse of process.

Defendant has also encouraged the court to create a new cause of action, either for interfering with their right to free speech or for otherwise filing a SLAPP suit, Strategic Lawsuits Against Public Participation, against them.

Since Runner has acknowledged the Whistle Blower Act is inapplicable, no further discussion is necessary.

With respect to Runner's cause of action under the Federal Civil Rights Act, 42 U.S.C. §1983, plaintiffs

contend such act is inapplicable because defendant cannot show he was deprived of some cognizable federal right while plaintiffs were acting under color of state law, citing *Morris v. Powers,* 156 Pa. Commw. 577, 628 A.2d 525 (1993).[2] This court is satisfied that lawyers who participate in the trial of private state court litigation are not state functionaries acting under color of state law, and that although an attorney is an "officer of the court" he is not an official of any state. *Kovacks v. Goodman,* 383 F. Supp. 507 (E.D. Pa. 1974), *aff'd,* 515 F.2d 507 (3d Cir. 1975). Moreover, filing suit in state court is not state action. *Fallis v. Dunbar,* 386 F. Supp. 1117 (1974), *aff'd,* 532 F.2d 1061 (1976).

With respect to a claim for wrongful use of civil proceedings as authorized by 42 Pa.C.S. §8351, Runner has no cause of action until the proceedings have terminated in his favor.

The common law tort of abuse of process involves the perversion of legal process after it has begun in order to achieve a result for which the process was not intended. "Abuse of process has been described by the Supreme Court as the 'use of legal process as a tactical weapon to coerce a desired result that is not the legitimate object of the process.' " *Al Hamilton Contracting Company v. Cowder,* 434 Pa. Super. 491, 498-99, 644 A.2d 188, 191 (1994). (citation omitted) In *Hamilton,* a case involving an alleged SLAPP suit, the court applied abuse of process principles to the direct claim of a plaintiff against the complaining citizens. Here, the court is required to apply abuse of process principles to the complaining citizen's counterclaim against plaintiffs.

---

2. This court is satisfied that no private cause of action may be asserted under the federal or state constitutions for violating a right of free speech.

The distinction between abuse of process and malicious use of civil process has been recently discussed by the federal courts in *Zapalla v. Hub Foods Inc.,* 683 F. Supp. 127 (W.D. Pa. 1988) and *Cameron v. Graphic Management Associates Inc.,* 817 F. Supp. 19 (E.D. Pa. 1992). As set out by District Judge Cahn in *Cameron, supra,* malicious use of civil process has to do with the wrongful *initiation* of such process, while abuse of civil process is concerned with a perversion of the process *after* it has been issued, citing *McGee v. Feege,* 517 Pa. 247, 535 A.2d 1020 (1987). The allegations in Runner's counterclaim are based upon the perceived intent of plaintiffs at the time their complaint was filed. Therefore, based upon the reasoning in *Cameron* and *Zapalla,* a claim of abuse of process may well be inappropriate. Nevertheless, this court is not convinced that the present record shows there is no genuine issue with respect to the applicability of the tort of abuse of process.

In his brief in opposition to the separate motions for summary judgment, Runner has almost exclusively attempted to educate the court with respect to SLAPP suits. Indeed, Runner has submitted an affidavit of Robert D. Richards, an assistant professor of journalism and law at the Pennsylvania State University, with respect to the historical use of SLAPP suits and the efforts of various jurisdictions to prevent them. Unfortunately, Runner acknowledges there is no legislative or common law authority for creating a cause of action to counteract the filing of suits similar to the one plaintiffs have brought against him beyond waiting for a favorable termination and/or requesting the imposition of sanctions by the trial court. While this court is not unsympathetic with Runner's plight, the court cannot accept his invitation to create a cause of action which has not heretofore existed. It would certainly advance

judicial economy and eliminate the necessity for an additional trial if the same jury which hears the underlying *Farmer v. Runner* defamation case, could also hear the *Runner v. Farmer* claims. Nevertheless, the court is compelled to decline Runner's invitation.

There are two remaining matters which require some discussion to assist the parties in determining their future course of action. First, the parties were in agreement at argument that no further activity would take place with regard to this case until a resolution of the criminal proceedings which have been filed by the office of the attorney general against plaintiffs. No further proceedings will be scheduled without a request from counsel.

Because of the manner in which defendants have responded to plaintiffs' complaint, no motion has been filed challenging the sufficiency of plaintiffs' complaint itself. Because counsel for plaintiffs suggested, during argument, the possibility that plaintiffs' complaint might be withdrawn, the court would cite the parties to two cases which address suits of this nature.

In *Brownsville Golden Age Nursing Home Inc. v. Wells,* 839 F.2d 155 (3d Cir. 1988), Circuit Judge Sloviter observed: "Moreover, Brownsville cites absolutely no authority in Pennsylvania or elsewhere that holds that actions designed to bring a facility's noncompliance with applicable regulations to the attention of the appropriate authorities and to stimulate public interest in the matter can be the basis for a damage action" and "the rule that liability cannot be imposed for damage caused by inducing legislative, administrative or judicial action is applicable here." While there may be a distinction in that, in *Brownsville* a judicial determination had been made that the allegations were true, this court believes a strong case can be made for absolute immunity being granted Runner as a matter of law.

238

In *Hamilton, supra,* the concurring opinion of Judge Del Sole strongly refers to the authority of an appellate court to remand for the assessment of fees and costs if a suit had been filed to discourage complaints to officials of possibly prohibited conduct. Under Pa.R.A.P. 2744, such an award may be made against plaintiff *and/or* counsel.

Based upon the foregoing opinion, it is hereby ordered as follows this March 23, 1995:

(1) The motion for summary judgment of additional defendants William P. Carlucci and Fisher, Rice, Barlett, Elion & Wayne, P.C. is granted and judgment is entered in favor of additional defendants.

(2) The counterclaim of Daniel S. Diehl is dismissed.

(3) The motion for summary judgment of M.W. Farmer & Company and Michael W. Farmer, plaintiffs/counter-defendants is granted as to all claims except the claim of abuse of process.

(4) The court administrator shall not schedule this matter for further proceedings without court order.