# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-1078

_____

Kendell Spruce,                                    *
                                                   *
        Appellant,                         *
                                                   *
    v.                                         *
                                                   *
Willis H. Sargent, Warden,                         *   Appeal from the United States
Cummins Unit, Arkansas Department                  *   District Court for the
of Correction; Larry Norris,                       *   Eastern District of Arkansas.
Assistant Director, Arkansas                        *
Department of Correction;                          *
Donald W. Tate, Captain,                           *
Cummins Unit, Arkansas Department                  *
of Correction,                                     *
                                                   *
        Appellees.                         *

_____

Submitted: November 21, 1997
Filed: July 8, 1998

_____

Before RICHARD S. ARNOLD,[1] Chief Judge, McMILLIAN, and BEAM, Circuit
    Judges.

_____

_____

[1]The Honorable Richard S. Arnold stepped down as Chief Judge of the United
States Court of Appeals for the Eighth Circuit at the close of business on April 17,
1998. He has been succeeded by the Honorable Pasco M. Bowman II.

BEAM, Circuit Judge.

Kendell Spruce appeals from the district court's order granting judgment as a matter of law to defendants Willis Sargent and Larry Norris, and from the court's order denying his motion for a new trial after a jury found in favor of defendant Donald Tate. We affirm in part, reverse in part, and remand for trial.

## I.    BACKGROUND

Spruce was an inmate at the Arkansas Department of Correction between January and December of 1991. During that time, he alleges that he was repeatedly raped by more than twenty different inmates, at least one of whom infected him with HIV. He sought counseling from the Mental Health Department on several occasions in response to these incidents. After filing a number of grievances to no avail, Spruce brought suit under 42 U.S.C. § 1983 against Willis Sargent, the Unit Warden, Larry Norris, the Assistant Director of the Arkansas Department of Correction, and Donald Tate, the Unit Captain, alleging that their failure to protect him from sexual assault and rape by other inmates violated his Eighth Amendment right to be free from cruel and unusual punishment.

The case was tried to a jury. At the close of Spruce's evidence, the defendants moved for judgment as a matter of law. The district court granted the motion with respect to Sargent and Norris. The jury returned a verdict in favor of Tate, and the court denied Spruce's motion for a new trial. Spruce appeals the grant of judgment as a matter of law, as well as the denial of his motion for a new trial.

## II. DISCUSSION

We review a district court's grant of judgment as a matter of law de novo. See Bold v. Simpson, 802 F.2d 314, 320 (8th Cir. 1986). The legal standard provides that (1) all direct factual conflicts must be resolved in favor of the plaintiff; (2) all facts in support of the plaintiff that the evidence tended to prove must be assumed; and (3) the plaintiff must be given the benefit of all reasonable inferences. See Hopson v. Fredericksen, 961 F.2d 1374, 1379 (8th Cir. 1992). A grant of judgment as a matter of law is proper only if the evidence viewed according to these standards would not permit "'reasonable jurors to differ as to the conclusions that could be drawn.'" Id. (quoting Dace v. ACF Indus., Inc., 722 F.2d 374, 375 (8th Cir. 1983)).

Because "[b]eing violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society,'" prison officials have a duty to protect inmates from violence at the hands of other inmates. Farmer v. Brennan, 511 U.S. 825, 833-34 (1994) (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) . Yet because only cruel and unusual punishment is prohibited by the Eighth Amendment, a prisoner must satisfy two requirements in order to state a constitutional violation. He must establish first, that he is incarcerated under conditions posing a substantial risk of serious harm, and second, "deliberate indifference" to that risk. See id. at 834. Deliberate indifference requires a showing that the official knew the risk existed, but disregarded it. See id. at 837.

Rape or sexual assault at the hands of other prisoners is, of course, "sufficiently serious to amount to a deprivation of constitutional dimension." Jensen v. Clarke, 94 F.3d 1191, 1197 (8th Cir. 1996). The evidence clearly showed that Spruce was incarcerated under conditions that posed a substantial risk that he would be sexually assaulted. The question is whether the evidence permitted a finding that Sargent and Norris were deliberately indifferent to that risk. In granting them judgment as a matter of law, the district court found that it did not. The court stated that evidence that an

official merely "should have known" of an excessive risk of harm based on "very obvious and blatant circumstances" does not meet the standard of deliberate indifference. Tr. at 923.

While it is true that constructive knowledge, or the "should-have-known" standard, is not sufficient to support a finding of deliberate indifference, see Farmer, 511 U.S. at 837, it does not follow that the required element of subjective knowledge cannot be proved by evidence of surrounding circumstances. The question whether the official knew of the risk is subject to demonstration, like any other question of fact, by inference from circumstantial evidence. See id. at 842. Therefore, if a plaintiff presents evidence of "very obvious and blatant circumstances" indicating that the defendant knew the risk existed, the jury may properly infer that the official must have known.

Spruce introduced numerous documents from the relevant time period containing references to the sexual attacks he was suffering. Many of the documents bear Warden Sargent's signature. The evidence included, for example, a disciplinary appeal in which Spruce requested that he no longer be celled with a particular inmate. The document shows that Warden Sargent denied that request after reviewing materials in which Spruce complained of being forced by the inmate to perform oral sex. Without engaging in an exhaustive discussion of each such document, we find that there was sufficient evidence from which a jury could conclude that Warden Sargent knew Spruce was subject to an excessive risk of harm from sexual attack.

Moreover, Sargent testified that, to his knowledge, inmates in the prison had to "fight" against sexual aggressors; i.e., it is the inmates' own responsibility to "let people understand that [they]'re not going to put up with that." Tr. at 717. These statements amount to direct evidence of Warden Sargent's knowledge of the risk of sexual assault and/or rape in the unit. Spruce presented ample evidence upon which a jury could conclude that Sargent was deliberately indifferent to an excessive risk to his safety.

We therefore reverse the grant of judgment as a matter of law with respect to Sargent, and remand for trial.

By contrast, we do not find sufficient evidence from which a jury could conclude that Assistant Director Norris had subjective knowledge of the risk that Spruce would be raped. The record contains only one document that is signed by Norris: a grievance form in which Spruce complained of being forced to cell with inmates from the general population, of being "jumped on" by an inmate, and of mental stress. At the time of Norris's signature, the document revealed no other information from which a jury could conclude that Norris was aware of the excessive risk of rape to Spruce.[2] We have found no other evidence elsewhere in the record that supports a finding of subjective knowledge on the part of Norris. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation," is not "deliberate indifference" to an inmate's health or safety and therefore not a violation of the Eighth Amendment. Farmer, 511 U.S. at 838. The grant of judgment as a matter of law in favor of Norris must be affirmed.

Finally, we have reviewed Spruce's arguments regarding the district court's denial of his motion for a new trial, and we find them to be without merit. Accordingly, we affirm the jury verdict in favor of Tate.

## III.   CONCLUSION

For the foregoing reasons, we affirm in part, reverse in part, and remand for trial.

---

[2]After Norris signed on November 18, 1991, Spruce appealed to the Director, stating, "I have . . . test[ed] positive for the HIV virus from being forced to cell with inmates from population . . . and forced to have sex. My life is ruin[ed] forever." This information, however, was not added until November 25, and there is no evidence that Norris reviewed the document again.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.