Cyril ISKRA, Petitioner,

v.

WORKERS' COMPENSATION AP-
PEAL BOARD (USX CORPO-
RATION), Respondent.

Leroy Eyster, Petitioner,

v.

Workers' Compensation Appeal Board
(Bethlehem Steel), Respondent.

Charles Able, Petitioner,

v.

Workers' Compensation Appeal Board
(First Capital Wire and Cable),
Respondent.

Clyde Wonders, Petitioner,

v.

Workers' Compensation Appeal Board
(Bethlehem Steel Corporation),
Respondent.

Clinton Crockett, Petitioner,

v.

Workers' Compensation Appeal Board
(Bethlehem Steel Corporation),
Respondent.

Richard Espigh, Petitioner,

v.

Workers' Compensation Appeal Board
(Bethlehem Steel Corporation),
Respondent.

Robert Eaton, Petitioner,

v.

Workers' Compensation Appeal Board
(Caterpillar, Inc.), Respondent.

William Ferguson, Petitioner,

v.

Workers' Compensation Appeal Board
(Gichner, Sheter Systems),
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 20, 2000.
Decided Nov. 21, 2000.

Fred M. Feder, Philadelphia, for petitioners.

Lori A. Tunstall, Philadelphia, for respondent, USX Corporation.

Karen S. Coates, Harrisburg, for respondent, Bethlehem Steel Corp.

Daniel B. Sweeney, Philadelphia, for respondent, Capitol Wire & Cable Co.

Daniel Liberman, Lancaster, for respondents, Caterpillar, Inc.

John F.X. Morely, Jr., Philadelphia, for respondent, Gichner Shelter Systems.

Before COLINS, Judge, PELLEGRINI, Judge and McCLOSKEY, Senior Judge.

PELLEGRINI, Judge.

Cyril Iskra, LeRoy Eyster, Charles Abel, Clyde Wonders, Clinton Crockett, Richard Espigh, Robert Eaton and William Ferguson (collectively, Claimants) have individually filed petitions for review from orders of the Workers' Compensation Appeal Board (Board) affirming the decisions of Workers' Compensation Judges (WCJ) dismissing their claims for hearing loss benefits because their hearing loss was below the 10% threshold required under Section 2 of the Workers' Compensation Act, Act of February 23, 1995, P.L. 1, commonly referred to as "Act 1." [1] The eight petitions have been consolidated for our consideration.

Each Claimant filed a claim petition for workers' compensation benefits sometime after August 1995 [2] alleging that he suffered a compensable work-related hearing loss caused by continuous exposure to hazardous occupational noise during the course of his employment with his respective Employer. Each Employer filed an answer denying the claim and hearings were held before WCJs. Claimants provided medical evidence under the pre-Act 1 formulation to prove they had lost their hearing for all practical intents and pur-

1. Act 1 amended Section 306(c)(8) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 513(8). Section 306(c)(8)(iii) provides that if the "level of binaural hearing impairment as calculated under the Impairment Guides ... is equal to or less than ten per centum, no benefits shall be payable."

2. Iskra filed his petition on August 10, 1995, alleging that he suffered a 6.25% hearing loss while employed by USX Corporation with his last date of exposure in April 1994; Eyster filed his petition on May 30, 1996, alleging a 6.25% hearing loss while employed by Bethlehem Steel with his last date of exposure in August 1993; Abel filed his petition on July 29, 1996, alleging a 3.75% hearing loss while employed by First Capital Wire and Cable with his last date of exposure in November 1993; Wonders filed his petition on May 10, 1996, alleging a 10% hearing loss while employed by Bethlehem Steel with his last date of exposure in February 1994; Crockett filed his petition on May 30, 1996, alleging a 4.4% hearing loss while employed by Bethlehem Steel with his last date of exposure in May 1996; Espigh filed his petition on May 30, 1996, alleging a 9% hearing loss while employed by Bethlehem Steel with his last date of exposure in January 1996; Eaton filed his petition on July 11, 1996, alleging a 1.88% hearing loss while employed by Caterpillar, Inc. with his last date of exposure in June 1994; and Ferguson filed his petition on July 12, 1996, alleging a 6.88% hearing loss while employed by Gichner Shelter Systems with his last date of exposure in July 1996.

poses,[3] but because the medical evidence indicated that each Claimant's hearing loss due to occupational noise was 10% or less, the WCJs dismissed the claim petitions pursuant to Section 306(c)(8)(iii) of the Act.

Claimants individually appealed to the Board arguing that Section 306(c)(8)(iii) of the Act did not govern their claims because their injuries occurred prior to the effective date of Act 1. They also argued that the application of Section 306(c)(8)(iii) of the Act deprived them of compensation for their work injuries and violated their due process and equal protection rights.[4] The Board determined that Section 3(1) of Act 1 governed their petitions as they were all filed after February 23, 1995, the effective date of Act 1, and the petitions were properly dismissed because the percentages of Claimants' hearing losses were less than that required under Section 306(c)(8)(iii) of the Act. The Board did not address Claimants' constitutional arguments because it concluded that it was precluded from doing so by its scope of review. This consolidated appeal by Claimants followed.[5]

Because they were exposed to hazardous occupational noise prior to February 23, 1995, the effective date of Act 1, Claimants contend that they had claims that predated the Act, and Section 306(c)(8)(iii) of the Act established that the 10% threshold cannot be applied retroactively absent clear legislative intent. In making this argument, they point to Section (3)(2) of the Act that provides:

(2) The amendment or addition of sections 105.5 and 306(c)(8)(i), (ii) and (iv) shall apply retroactively to all claims existing as of the effective date of this act for which compensation has not been paid or awarded.

However, this argument ignores that Section 3(1) of the Act provides:

(1) Except as provided in paragraph (2), the amendment or addition of sections 105.4, 105.5, 105.6 and 306(c)(8) of the act shall apply to claims filed *on or after the effective date of this act.* (Emphasis added.)

■ Contrary to Claimants' contention, the General Assembly expressly provided that where claims under Section 306(c)(8) were filed after the effective date of Act 1, the Act was to be applied retroactively. Because Claimants filed their petitions after the date of Act 1's enactment and the 10% recovery threshold in Section 306(c)(8)(iii) of the Act applies, and because Claimants did not meet that threshold, they are precluded from recovering benefits.

■ Even if Act 1 applies, Claimants then contend that the 10% threshold of Section 306(c)(8)(iii) is unconstitutional because it deprives them of their vested right to receive compensation for a recognized work-related injury, i.e., a hearing loss claim below the 10% threshold, in violation of the due process and equal protection clauses of both the Pennsylvania and Federal Constitutions. Initially, to present a viable due process claim, it must be established that some substantive right as opposed to a procedural right was taken

3. *See Workmen's Compensation Appeal Board v. Hartlieb,* 465 Pa. 249, 348 A.2d 746 (1975). Prior to Act 1, Section 306(c)(8) of the Act provided that hearing loss was compensable only if it was complete. After Act 1, pursuant to Section 306(c)(8)(iii), compensation became payable on a sliding scale based on the degree of work-related hearing loss between 10% and 75%, creating an allowance for partial hearing loss to become compensable as a specific loss.

4. Claimants also argued before the Board that the WCJs erred in failing to consider their

petitions under the provisions of the Occupational Disease Act. However, they have not raised that issue on appeal.

5. Our scope of review of a Workers' Compensation Appeal Board decision is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact were supported by substantial evidence. *Sheridan v. Workmen's Compensation Appeal Board (Anzon),* 713 A.2d 182 (Pa.Cmwlth. 1998).

away. *See Morris v. Powers,* 156 Pa. Cmwlth. 577, 628 A.2d 525 (1993). In this case, Claimants assert that their substantive rights to have their hearing loss established through the pre-Act 1 legal formulation was taken away.

In *Bible v. Commonwealth, Department of Labor & Industry,* 548 Pa. 247, 696 A.2d 1149 (1997), our Supreme Court found that Act 1's retroactivity of Section 3(2) only implicated procedural and not substantive due process rights. In *Bible,* workers' compensation claimants contended that Act 1 was unconstitutional because it retroactively amended the Act so as to virtually eliminate their causes of action for complete hearing loss, thereby depriving them of a substantive right without due process. Rejecting that argument, our Supreme Court held that, "Act 1 did not extinguish a 'cause of action' for compensation for complete loss of hearing. Rather, [Act 1] was procedural because [it] created an 'action' for compensation for partial loss of hearing, and substituted a legislatively defined method of determining hearing loss[.]" *Id.* at 257, 696 A.2d at 1154. It further stated that:

> [Claimants] have a recognizable interest in obtaining "reasonable compensation" for injuries arising out of their employment, not a right to receive compensation of a fixed amount. The right to receive compensation for hearing loss has not been impaired, only the remedy has been varied ... The legislative decision that the duration of compensation should be calculated according to an objectively determined percentage of impairment represent[s] a rational means of correcting [*Hartlieb's* ] inequity. *Application of the new standards to cases where no award ha[s] yet been made also represent[s] a rational means of implementing a legitimate purpose.* (Emphasis added.)

*Id.* at 259, 696 A.2d at 1156. *See also Pennsylvania Power & Light v. Workmen's Compensation Appeal Board (Lechner),* 719 A.2d 1116 (Pa.Cmwlth.1998), petition for allowance of appeal denied, 559 Pa. 697, 739 A.2d 1061 (1999).

■ Applying our Supreme Court's holding to this case, Act 1's 10% threshold merely imposed a procedurally objective evidentiary standard rather than the pre-Act 1 formulation of loss of hearing "for all practical purposes" to determine whether there has been a compensable hearing loss, and did not take away any substantive due process right of parties presenting a hearing loss claim filed after the date of its enactment. *See USX Corp. v. Workers' Compensation Appeal Board (Rich),* 727 A.2d 165 (Pa.Cmwlth.), *affirmed,* 562 Pa. 205, 754 A.2d 666 (2000). Because Claimants have no cognizable substantive right and filed their claims after Act 1 was enacted, and because Act 1 affects procedural and not substantive rights, Claimants' due process and equal protection rights were not violated.

Accordingly, the decisions of the Board are affirmed.

### *O R D E R*

AND NOW, this 21st day of November, 2000, the orders of the Workers' Compensation Appeal Board dated March 10, 2000 (Iskra); March 29, 2000 (Eyster); April 19, 2000 (Abel, Wonders); and April 27, 2000 (Crockett, Espigh, Eaton and Ferguson) are affirmed.