# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3056

_____

Luwalhati Admana Johnson,      *
                          *

Appellant,          *

                         *   Appeal from the United States
v.                  *   District Court for the
                         *   Western District of Arkansas.

Deputy Sheriff Chris B. Williams;   *
Deputy Sheriff Darren Morrow; Deputy *   [UNPUBLISHED]
Sheriff Scott Hammerslea; Washington  *
County Sheriff's Office; Washington    *
County,                     *
                         *

Appellees.        *

_____

Submitted: April 21, 2010
Filed: April 30, 2010

_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

In this 42 U.S.C. § 1983 action arising out events in October 2005 and March 2006, Luwalhati Johnson appeals the district court's[1] dismissal of her claims against the Washington County Sheriff's Office (Sheriff's Office), its adverse grant of summary judgment on her claims against the remaining defendants (hereinafter

_____

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

defendants), and its denial of reconsideration of the summary judgment decision. Johnson argues that the court erred by disregarding allegations in the complaint, declining to consider her affidavit, and considering certain reports submitted in support of defendants' summary judgment motion.

Reviewing the court's summary judgment decision de novo, see Johnson v. Blaukat, 453 F.3d 1108, 1112 (8th Cir. 2006), we conclude that it was proper because Johnson failed to establish a genuine dispute regarding the existence of probable cause to support her arrest in October 2005, see Ark. Code Ann. § 5-71-207(a)(7) (defining disorderly conduct offense); Garionis v. Newton, 827 F.2d 306, 309 (8th Cir. 1987) (describing circumstances where law-enforcement officer has probable cause to arrest suspect without warrant), or regarding the constitutionality of defendants' conduct with respect to the March 2006 events, given the undisputed fact that a deputy sheriff confiscated dogs from Johnson's residence twice "on search warrants." R. Doc. 39 ¶ 30; Exh. 6 at ¶ 19. See Fed. R. Civ. P. 56(e)(2) (when motion for summary judgment is properly made and supported, opposing party may not rely merely on allegations or denials in its own pleadings; rather, response must set out specific facts showing genuine issue for trial; if opposing party does not so respond, summary judgment should, if appropriate, be entered against that party); Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trustees, 558 F.3d 731, 734-35 (8th Cir. 2009) (it is not district court's responsibility to sift through record to see if, perhaps, there was issue of fact); see also W.D. Ark. R. 56.1(a) (any party moving for summary judgment shall annex to notice of motion a separate, short, and concise statement of material facts as to which it contends there is no genuine issue to be tried), (b) (if nonmoving party opposes motion, it shall file, in addition to any response and brief, a separate, short, and concise statement of material facts as to which it contends genuine issue exists to be tried), (c) (all material facts set forth in statement filed by moving party pursuant to paragraph (a) shall be deemed admitted unless controverted by statement filed by nonmoving party under paragraph (b)).

-2-

We further conclude that Johnson did not state a claim against defendants based on her allegations of verbal abuse, see Hopson v. Fredericksen, 961 F.2d 1374, 1378 (8th Cir. 1992) (generally mere verbal threats made by state actor do not establish cognizable claim under § 1983), an equal protection violation, see Creason v. City of Washington, 435 F.3d 820, 823 (8th Cir. 2006) (requirements to state equal protection claim), or a conspiracy, see Askew v. Millerd, 191 F.3d 953, 957 (8th Cir. 1999) (to prevail on conspiracy claim under § 1983 plaintiff must prove actual deprivation of constitutional right). Thus, we also affirm the dismissal of the claims against the Sheriff's Office. See Brockinton v. City of Sherwood, Ark., 503 F.3d 667, 674 (8th Cir. 2007) (county could not be held liable under § 1983 where no county defendant was individually liable for underlying substantive claim); Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005) (dismissal may be affirmed on any basis supported by record).

Finally, we conclude that the district court did not err in declining to consider Johnson's affidavit and denying reconsideration of its summary judgment decision, because the affidavit was filed out of time and Johnson did not comply with the court's order directing her to explain why she had not filed a timely response to the summary judgment motion. See W.D. Ark. R. 7.2(b) (within 14 days from date copies of motion and supporting papers have been served, any party opposing motion shall serve and file with clerk concise statement in opposition to motion with supporting authorities; for cause shown, court may by order shorten or lengthen time for filing of responses); 56.1 (requirements set forth in local rule 7.2 apply to summary judgment motions).

Accordingly, we affirm.

_____

-3-