TJOFLAT, Circuit Judge,
specially concurring:
I concur fully in the court’s opinion and write separately to add another reason for the affirmance.
*1229 In this case, Lee timely raised a Batson[1] claim in the state trial court, objecting to the State’s exercise of peremptory challenge — at the end of the voir dire of the venire and after the jury had been struck — against twenty-one black venirepersons. The court ruled that Lee had established a prima facie case of racial discrimination and required the State to respond. The District Attorney responded with race-neutral reasons for each of the State’s challenges. Lee had no fault with the reasons the District Attorney gave for twenty of the challenges, effectively agreeing that he had lawful reasons for exercising them. As for the remaining challenge, the one lodged against Kevin Stevens, Lee disagreed, contending that it was racially motivated. He expressed his contention thusly: “The District Attorney gave the reason being [Stevens is] going to be in child support court. There is no indication that there’s any problem with him being in child support with any animosity towards the District Attorney’s Office or him going to court. The mere fact that he’s appeared in court is no reason why he should be struck from the jury.” Maj. Op. at 1202-03. The District Attorney, in reply, explained that his office prosecuted child support cases and “[u]nfortunately that tends to create some difficulty with defendants that come before the Court. They feel somehow we’re prosecuting them for a crime.” Maj. Op. at 1203. Lee let the explanation stand; that is, he did not contend that the District Attorney’s explanation was a pretext for racial discrimination. The court overruled Lee’s specific objection to the Stevens challenge and the twenty other challenges as well.
In his appeal to the Alabama Court of Criminal Appeals, Lee asked the court to notice plain error and sustain his Batson objections. That is, he did not claim that the trial court had erred in overruling his objections. Rather, he argued that had the trial court considered the representations he advanced in his brief, the trial court would have found the District Attorney’s reasons for exercising the twenty-one peremptory challenges a pretext for racial discrimination. The Court of Criminal Appeals, being bound by Rule 45A of the Alabama Rules of Appellate Procedure [2] to notice plain error in this capital case, entertained Lee’s Batson arguments. It gave him a second bite of the apple; it allowed him to present Batson objections he had withheld from the trial court. In doing so, the court litigated Batson claims that Batson and its Supreme Court progeny would not have entertained.
The Alabama Court of Criminal Appeals did precisely what the Alabama Supreme Court did in Ex Parte Adkins, 600 So.2d 1067 (Ala.1992). There, in the trial court, the defendant, Adkins, stood silent when the State peremptorily challenged blacks on the venire. Instead, he waited until he was before the Alabama Supreme Court on direct appeal before objecting. Invoking Rule 45A, the Supreme Court entertained his objection and remanded the case to the Court of Criminal Appeals with the instruction to remand the case to the trial court for a full blown Batson hearing. On remand, Atkins failed to establish that the State’s peremptory challenges were racially discriminatory, and the Alabama Court of Criminal Appeals affirmed. Adkins v. *1230 State, 689 So.2d 515 (Ala.Crim.App.1993). This court found the alleged discrimination and granted habeas corpus relief. Adkins v. Warden, Holman CF, 710 F.3d 1241 (11th Cir.2013). As I pointed out in dissenting, nothing in Batson or its progeny recognizes a Batson claim presented for the first time on appeal. Id. at 1261-62 (Tjoflat, J., dissenting). To be cognizable, a Batson claim must be presented to the trial court prior to the empanelment of the jury; if not presented then, the claim is non-existent.[3]
The only difference between the Adkins scenario and the scenario this case presents is that, here, the defendant did object to the State’s peremptory challenges at trial; whereas in Adkins, the defendant did not. Thus, the narrow question this case presents is whether, because the defendant lodged a Batson objection at trial, he may augment his objection on appeal with an argument he failed to present to the trial court, to-wit: that the State’s reasons for its challenges were a pretext for discrimination. In other words, had the trial court focused on evidence the record contained — but the defendant neither mentioned nor relied on in pressing his Batson objections — the trial court would have found that the reasons the State gave for challenging the black venirepersons were mere pretext for racial discrimination. Three of our sister circuits have answered this question. If, after the State has come forth with non-discriminatory reasons for exercising the peremptory challenges at issue the defendant stands silent, the defendant waives his Batson objection; he may not resurrect it on appeal. See Davis v. Baltimore Gas & Elec. Co., 160 F.3d 1023, 1027 (4th Cir.1998) (“[T]he movant’s failure to argue pretext constitutes a waiver of the initial [Batson] objection.”); Hopson v. Fredericksen, 961 F.2d 1374, 1377 (8th Cir.1992) (“We hold that [appellant] failed to properly preserve this issue for appeal. After the trial judge listened to [appellee’s] reasons for striking the black venireman and requested the jury to return, [appellant] did not object nor request the trial judge to articulate her reasons on the record for overruling the Batson objection. Nor does the record show that [appellant’s] counsel made any attempt to rebut the reasons advanced by Fredericksen’s counsel when given the opportunity to do so.”); United States v. Rudas, 905 F.2d 38, 41 (2d Cir.1990) (“Once the Government has offered reasons for its peremptory challenges, defense counsel must expressly indicate an intention to pursue the Batson claim. Here defense counsel did nothing____By failing to dispute the Government’s explanations, she appeared to acquiesce to them. As a result, there was no need for the district judge to make a ruling.”).
I fully concur in the court’s affirmance of the District Court’s decision denying habeas relief. I also do so because Lee failed to show on direct appeal to the Alabama Court of Criminal Appeals that the trial court erred in denying his Batson objections. Because the State, in its brief in the instant appeal, has treated the Alabama Court of Criminal Appeals, in its plain error review, as having reviewed what Lee argued to the trial court (but did not) in making his Batson objections, I agree that Court of Criminal Appeals decision is neither contrary to, nor an unrea *1231 sonable application of, the United States Supreme Court’s Batson holdings.

. Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

. Rule 45A, “Scope of review in death cases,” states:
In all cases in which the death penalty has been imposed, the Court of Criminal Appeals shall notice any plain error or defect in the proceedings under review, whether or not brought to the attention of the trial court, and take appropriate appellate action by reason thereof, whenever such error has or probably has adversely affected the substantial right of the appellant.

. A policy allowing the initiation of a Batson claim on appeal rather than at trial would lead to the type of sandbagging that procedural rules, like the contemporaneous objection rule, seek to avoid. See United States v. Pielago, 135 F.3d 703, 709 (11th Cir.1998) ("The contemporaneous objection rule fosters finality of judgment and deters 'sandbagging,' saving an issue for appeal in hopes of having another shot at trial if the first one misses.”).